Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Nakkisa Akhavan, SBN 286260
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEXICALI CHICKEN & SALADS, and Does 1-10 Inclusive,<br><br>Defendant(s). | Case No.: **'15CV2164 AJB  JMA**<br><br>**COMPLAINT—CIVIL RIGHTS/ EMPLOYMENT DISCRIMINATION**<br>• Sexual Harassment<br>• Retaliation<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Charging Party Alexis Lopez ("Lopez"). As alleged with greater particularity below, the Commission alleges that Defendant Mexicali Chicken & Salads ("Defendant") and Does 1-10 (collectively referred to herein as "Defendants"), unlawfully subjected Charging Party Lopez, to sexual harassment in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a). The Commission also alleges that Defendants subjected charging Party to retaliation for having engaged in protected activity in violation of §704(a) of Title VII, 42 U.S.C. §2000e-3(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Mexicali Chicken & Salads has continuously done business within California and the jurisdiction of the United States District Court for the Southern District of California.

6. At all relevant times, Defendant Mexicali Chicken & Salads has continuously employed fifteen (15) or more persons.

7.  At all relevant times, Defendant Mexicali Chicken & Salads has continuously been employers engaged in an industry affecting commerce within the meaning of §§701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

8.  Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive (the "Doe Defendants"). Therefore, Plaintiff sues said Doe Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

9.  All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendant's unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

10.  More than 30 days prior to the institution of this lawsuit, Charging Party Alexis Lopez filed a charge with the Commission alleging violations of Title VII by Defendant(s).

11.  On April 14, 2014, the Commission issued to defendant(s) a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12.  The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of

1 Determination.

2 13. The Commission was unable to secure from defendant(s) a conciliation agreement acceptable to the Commission.

4 14. On July 15, 2014, the Commission issued to defendant(s) a Notice of Failure of Conciliation.

6 15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### Sexual Harassment

16. Since at least 2011, Defendant has operated a Mexican restaurant within Imperial County in El Centro, CA.

17. During 2012, Charging Party Lopez was employed by Defendant as a supervisor.

18. Charging Party Lopez was supervised by Defendant's male manager.

19. This restaurant manager possessed and exercised the supervisory authority to control the details of day-to-day work, assign work assignments, interview applicants, hire, and fire employees.

20. Since at least June 2012, Defendant has engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it subjected Charging Party Lopez to quid pro quo sexual harassment by subjecting her to unwelcome sexual advances by the above-referenced male manager and when the manager conditioned her continued employment on acceptance of the manager's unwelcome sexual advances.

    a. On or about June 26, 2012, the above-referenced restaurant manager subjected Charging Party Lopez to quid pro quo sexual harassment by asking her to date him, telling her that he and his wife (another manager at who worked for the Defendant) had ended their marriage, and telling Charging Party that he would make her fall in love with him.

    b. The sexual harassment was unwelcome. Charging Party Lopez rejected the restaurant manager's sexual advance. Shortly after Charging Party rejected the male manager's sexual advance, she complained to another supervisor about the male manager's sexual advance. Charging Party

        Lopez told the other supervisor that the male manager's sexual advance had made her uncomfortable.

    c.    On or about July 1, 2012, Charging Party Lopez complained to another manager, who was the wife of the manager who made the sexual advances toward the Charging Party. Charging Party complained to this manager about the unwanted sexual advance that the male manager made toward her. Charging Party Lopez informed this female manager that the male manager's advance had made her uncomfortable and that she did not feel comfortable speaking to him.

    d.    Shortly after Charging Party Lopez complained to the female manager, the male manager told her in person and by telephone on various occasions that she needed to "let it go" and "stop disrespecting him."

    e.    On or about July 4, 2012, three days after she complained to the female manager, the male manager terminated Charging Party Lopez's employment.

    f.    Defendant is liable for the sexual harassment by its manager because Charging Party Lopez's continued employment was conditioned upon her acceptance of the male manager's sexual advance and the sexual harassment resulted in a tangible employment action, termination of Charging Party Lopez's employment.

<u>Retaliation</u>

21.    Defendant further engaged in unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it retaliated against Charging Party Lopez when it terminated her employment in retaliation for having engaged in protected activity.

    a.    Shortly after Charging Party Lopez complained of the male manager's sexual harassment, the male manager began to call her and tell her in person that she needed to "let it go" and "stop disrespecting" him.

    b.    On or about July 4, 2015, three days after Charging Party Lopez

|   |   |   |
|---|---|---|
| 1 |   | complained of the male manager's sexual harassment, the male manager |
| 2 |   | instructed the female supervisor to terminate her employment without |
| 3 |   | providing any reason for the termination. |
| 4 | c. | The male manager later confirmed Charging Party Lopez's termination |
| 5 |   | when she attempted to speak to him about her termination. The male |
| 6 |   | manager provided no reason for the termination. |

22. The effect of the practices complained of, as described above, has been to deprive Charging Party Lopez of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

23. The unlawful employment practices complained of in Paragraphs 16-22 above were intentional and caused Charging Party Lopez to suffer emotional distress.

24. The unlawful employment practices complained of in Paragraphs 16-22 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Lopez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of §§703(a) and 704(a) of Title VII.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII.

C. Order Defendants to make whole Alexis Lopez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order Defendant to make whole Alexis Lopez by providing compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to,

1 out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendants to make whole Alexis Lopez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

F. Order Defendants to pay Alexis Lopez punitive damages for their malicious and/or reckless conduct as described above, in amounts to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 28, 2015

Respectfully Submitted,

P. DAVID LOPEZ,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: _____
Anna Y. Park,
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION